UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOURDES A. ACASIO,<br><br>    Plaintiff,<br><br>    v.<br><br>SAN MATEO COUNTY SHERIFF'S OFFICE,<br><br>    Defendant. | Case No. 14-cv-04689-JSC<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 1 |

Plaintiff Lourdes Acasio, proceeding pro se and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983 against the San Mateo County Sheriff's Office; County Counsel John C Beiers; and County Manager John Maltbie.[1] (Dkt. No. 1.)  The Court previously granted Plaintiff's application to proceed *in forma pauperis*.  (Dkt. No. 4.)  Construing Plaintiff's "Notice of Removal" as a Complaint, the Court must now review the allegations under 28 U.S.C. § 1915. Plaintiff's Complaint alleges that the San Mateo Sheriff's Office violated her civil rights by ignoring her pleas for mental health treatment, humiliating and injuring her during post-arrest booking procedures, and incarcerating her for three months despite her severe and worsening mental health condition.  Because Plaintiff fails to state a claim, the Court DISMISSES her complaint with leave to amend.

## BACKGROUND

**A.   Complaint Allegations**

The allegations in the complaint arise out of Plaintiff's arrest in Daly City on November

---

[1] Although the case caption lists the San Mateo County Sheriff's Office and the County itself as defendants, in her enumeration of the defendants Plaintiff lists the Sheriff's Office and the individual defendants. (*Compare* Dkt. No. 1 at 1, *with id.* at 2.)

1   30, 2012, and the events that unfolded thereafter during her booking and detention at the San
2   Mateo County Jail.  (Dkt. No. 1 at 3.)  Plaintiff suffers from depression and received Social
3   Security disability benefits because of her mental health condition.  (*Id.*)  Because of her
4   depression, she had a panic attack during her arrest.  During the booking process that followed,
5   Plaintiff—who was crying non-stop and was slow to comply with the officer's orders—told San
6   Mateo County Sheriff Officer "Curley" that she was having a panic attack, felt dizzy, and wanted
7   to go to the hospital.  (*Id.*)  Officer Curley did not believe Plaintiff, and instead of bringing her to
8   the hospital, called in another female officer for assistance.  (*Id.*)  Plaintiff continued to cry as the
9   officers pushed her, stripped her, and laughed at her body, then called for more backup.  (*Id.*)  At
10  that point, three male officers entered the room, including an Officer "Lucy" who pushed Plaintiff,
11  which caused her to fall on a hard chair and injure her hip, knees, and lower back.  (*Id.*)

12  The Complaint also includes allegations that appear to challenge the conditions of her
13  confinement following that initial booking experience.  (*Id.* at 5.)  Plaintiff contends that her rights
14  were violated when the officers placed her in solitary confinement, failed to x-ray her to assess the
15  injuries she sustained during her arrest, and did not care that her confinement caused her mental
16  health condition to worsen.  (*Id.*)  In addition to challenging her treatment during confinement,
17  Plaintiff also appears to challenge the County Jail's execution of her three-month sentence
18  imposed for a fraud conviction.  (*Id.*)

19  Although Plaintiff does not specifically list any counts or causes of action, she contends
20  that the Court has federal question jurisdiction over the action because it arises under 42 U.S.C.
21  § 1983.  (Dkt. No. 1 at 2.)  Throughout the complaint, Plaintiff contends that her rights were
22  violated.  The Complaint mentions due process and at one point alleges that the officers' conduct
23  constituted discrimination on the basis of her race, color, and disabilities.  (*Id.* at 3-4, 6.)  Plaintiff
24  appears to allege that the following discrete acts violated her rights:  the female officers' conduct,
25  which humiliated her; the officers' failure to provide prompt medical attention for her panic attack
26  then her physical injury; and sentencing her to serve jail time despite her depression.  (*Id.* at 7.)
27  Plaintiff seeks $1.5 million in damages for pain and suffering, including the emotional distress that
28  the above-described events caused.  (*Id.* at 3, 7.)

**B.     Procedural History**

As mentioned above, Plaintiff titled her complaint "Notice of Removal[,]" which she filed in this Court on October 21, 2014.  (*Id.*)  Attached to the Complaint are various documents detailing Plaintiff's mental health diagnosis and residence in homeless shelters, as well as an inmate grievance form from the San Mateo County Jail.  In addition, Plaintiff includes her complaint filed in San Mateo County Superior Court, briefing on the county's motion for judgment on the pleadings, and an order dismissing the claims without prejudice due to Plaintiff's failure to amend her complaint in accordance with the superior court's order.  (*Id.* at 8-12.)

After Plaintiff brought the case to district court, the Court granted Plaintiff's leave to proceed *in forma pauperis* on November 17, 2014, but withheld Section 1915 merits review at that time. (Dkt. No. 4.)  Although in the ordinary course a complaint subject to Section 1915 review is not served until the Court has completed that review and ordered service by the Marshal, because this case was purportedly removed from Superior Court, Defendants have already received notice of this case and appeared in this matter.  However, this procedural posture does not strip the Court of its obligation to review the allegations under the standards set forth in Section 1915.  *See, e.g.*, *OWB, REO, LLC v. Negrete*, No. C 11-1377 (SBA), 2011 WL 1667916, at *1 (N.D. Cal. May 3, 2011).

**LEGAL STANDARD**

The Court must dismiss an *in forma pauperis* ("IFP") complaint before service of process if it is frivolous, fails to state a claim, or contains a complete defense to the action on its face.  28 U.S.C. § 1915(e)(2).  The Court retains discretion over the terms of dismissal, including whether to grant leave to amend.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).  Because this is a pro se civil rights case, the Court must notify Plaintiffs of the deficiencies in the complaint and provide an opportunity to amend prior to dismissal, unless it is completely clear that the deficiencies of the complaint cannot be cured.  *Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir. 1987) (*superseded on other grounds by statute as stated in Lopez*, 203 F.3d 1122, 1138 (Rymer, J., concurring)).

Regarding dismissals for failure to state a claim, Section 1915(e)(2) parallels the language

of Federal Rules of Civil Procedure 12(b)(6). *Lopez*, 203 F.3d at 1127. In considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, the Court must accept as true the allegations of the complaint in question, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and construe the pleading in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). To avoid dismissal, a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). Indeed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* Furthermore, a claim upon which a court can grant relief must have facial plausibility. *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556.

In addition, on Section 1915 review, a complaint must also comply with Rule 8(a)(2), which requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *See, e.g.*, *Cromer v. Unkown*, No. CV 13-4963-CJC(OP), 2014 WL 3101410, at *3-4 (C.D. Cal. July 2, 2014).

## DISCUSSION

### I. Plaintiff's Removal of her own Complaint was Improper

Plaintiff purported to remove her complaint filed in San Mateo Superior Court to this Court. This she cannot do. Federal law provides that any civil action may be removed to federal court "by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Plaintiff was the plaintiff in the San Mateo action, not the defendant; she cannot remove her own complaint to federal court. *See id.*; *see also Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 686 (9th Cir. 2005) ("[O]nly a defendant may remove [an] action to federal court."); *Gozzi v. Cnty. of Monterey*, No. 5:14-CV-03297-LHK, 2014 WL 6988632, at *14 (N.D. Cal. Dec. 10, 2014) ("Plaintiff [ ] cannot remove his own case to federal court after filing it in state court."). Moreover, even a defendant can only remove a *pending* action. *See* 28 U.S.C. § 1441(a). The documents that Plaintiff filed

4

1 establish that her state court case had been terminated, albeit without prejudice, at the time she
2 purported to remove it and thus it was not a pending action. For this reason, too, the removal was
3 improper.
4     As Plaintiff's state court action was dismissed without prejudice, the dismissal did not bar
5 Plaintiff from filing a new action in federal court based on the same allegations, although there
6 may be statute of limitations issues. As Plaintiff is proceeding pro se, the Court will therefore
7 construe her "removal" as the filing of a new complaint and review it as such.

## II.  Plaintiff's Complaint Fails to State a Claim

Plaintiff brings the instant complaint pursuant to 42 U.S.C. § 1983. To plead a violation of Section 1983, a plaintiff must allege that (1) a person acting under the color of state law (2) violated her constitutional rights or rights secured by federal statute. *West v. Atkins*, 487 U.S. 42, 48 (1988). As written, Plaintiff's Section 1983 claims falls short in a number of respects. First, the allegations in the Complaint are insufficient because there is no a short and plain statement of the claims as Rule 8(a) requires, which makes it unclear which federal constitutional or statutory right Plaintiff believes the defendants' conduct violated. The Complaint also fails to allege which facts serve as the basis for each claim or which claims are brought against which defendants. In addition, the Complaint names improper defendants for all of the claims.

### A.  The Substance of Plaintiff's Claims

Plaintiff appears to bring a number of different claims in her Complaint, including claims for excessive force, inadequate medical treatment, race discrimination, and disability discrimination. However, as written, each claim falls short of the pleading standards and must be amended.

The first claim the Court identifies challenges certain officers' use of excessive physical force during Plaintiff's post-arrest booking process. A plaintiff may state a claim for excessive force during booking and incarceration as a violation of the Fourth Amendment. *Fuller v. Orange Cnty.*, 276 F. App'x 675, 678 (9th Cir. 2008); *Sanford v. Motts*, 258 F.3d 1117, 1120 (9th Cir. 2001). A plaintiff may also state a claim for excessive force during pretrial detention under the Fourteenth Amendment by showing "egregious government conduct in the form of excessive and

brutal use of physical force" that rose to the level of a violation of substantive due process. *Williams v. City of Las Vegas*, 34 F. App'x 297, 299 (9th Cir. 2002) (quoting *White v. Roper*, 90 F.2d 1501, 1507 (9th Cir. 1990)). However, Plaintiff has not stated either such claim in the complaint because she does not allege the constitutional basis for such a claim, does not allege which factual allegations serve as the basis for such a claim, and has not identified the particular defendants against whom she brings such a claim. Thus, to the extent the Complaint brings a Section 1983 excessive force claim, it is dismissed with leave to amend to add the clarifying information mentioned herein.

It appears that Plaintiff may also seek to assert a violation of her rights under the Eighth Amendment, which protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006); *Hoplowit v. Ray*, 682 F.2d 1237, 1253 (9th Cir. 1982) (affirming a Section 1983 claim for a violation of plaintiff's eighth amendment right to competent medical personnel and adequate emergency care in prison). Allegations that a jail provided inadequate medical care fall under the Eighth Amendment, but to plead such a claim, a plaintiff allege facts sufficient to plausibly show that a defendant was deliberately indifferent to her serious medical needs. *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Tech., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997). Thus, to state a claim, Plaintiff must allege facts sufficient to show both: (1) an objectively "serious" medical need—*i.e.*, one that a reasonable doctor would think worthy of comment, one which significantly affects his daily activities, or one which is chronic and accompanied by substantial pain, *Doty v. Cnty. of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994); and (2) a subjective and "sufficiently culpable" state of mind on the part of each individual Defendant. *Wilson v. Seiter*, 501 U.S. 294, 297-98 (1991). A culpable state of mind may be manifested by the intentional denial, delay, or interference with a plaintiff's medical care, or by the manner in which the medical care was provided. *See Gamble*, 429 U.S. at 104-05; *McGuckin*, 974 F.2d at 1059. A defendant must "both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and [s]he must also draw the inference." *Farmer,* 511 U.S.

6

at 837. An inadvertent failure to provide adequate medical care or mere negligence are insufficient to constitute an Eighth Amendment violation. *See Gamble*, 429 U.S. at 105-07; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Shapley v. Nev. Bd. of State Prison Comm'n*, 766 F.2d 404, 407 (9th Cir. 1985). Rather, jail officials violate their obligation by *intentionally* delaying access to medical care. *Clement,* 298 F.3d at 905 (citation omitted). As written, the Complaint fails to state a claim for deliberate indifference to medical needs because there are insufficient allegations from which an inference could be drawn regarding a substantial risk of harm; insufficient allegations that officers at the jail were, in fact, aware of her need for medical care; and the Complaint neither makes clear which factual allegations serve as the basis for such a claim nor identifies the particular Defendants against whom she brings such a claim.

Plaintiff appears to assert a Section 1983 claim predicated upon race discrimination. It appears that Plaintiff is claiming that the officers' treatment denied her equal protection of the laws based on her race in violation of the Equal Protection Clause of the Fourteenth Amendment. To state a claim for race discrimination actionable under Section 1983, a plaintiff must allege that defendants acted with intentional discrimination against her based on her race. *See Lowe v. City of Monrovia*, 775 F.2d 998, 1010 (9th Cir. 1985); *FDIC v. Henderson*, 940 F.2d 465, 471 (9th Cir. 1991). As written, the Complaint contains no allegations regarding the officers' intent or purpose behind the officers' conduct, and no allegations connecting their conduct to Plaintiff's race. Plaintiff does not make such an allegation and therefore does not state a claim for race discrimination, either.

Plaintiff also alleges in her complaint that Defendants' conduct constitutes discrimination on the basis of her disabilities. To the extent that Plaintiff alleges a 1983 violation predicated upon disability discrimination, it is well establish that a Plaintiff may not bring such a Section 1983 suit because the Americans with Disabilities Act already provides a sufficiently comprehensive scheme for relief. *Okwu v. McKim*, 682 F.3d 841, 844 (9th Cir. 2012); *Vinson v. Thomas,* 288 F.3d 1145, 1156 (9th Cir. 2002). Thus, Plaintiff's Section 1983 claim premised on disability discrimination must be dismissed with prejudice. However, Plaintiff may recast her claim of disability discrimination directly under the ADA if she can allege that (1) she is an

7

individual with a disability; (2) she is otherwise qualified to receive the benefit of some public entity's services, programs, or activities; (3) plaintiff was denied the public entity's services or was otherwise discriminated against by the public entity; and (4) such denial of benefits or discrimination was by reason of the plaintiff's disability. *Lum v. Cnty. of San Joaquin*, 756 F. Supp. 2d 1243, 1251 (E.D. Cal. 2010) (citing *Weinrich v. L.A. Cnty. Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997)); *see also Lee v. City of L.A.*, 250 F.2d 668, 691 (9th Cir. 2001) (recognizing that local law enforcement agencies' activities fall within the ADA).

Finally, as written, the Complaint fails to state a Section 1983 claim against the County of San Mateo or any other defendant for executing the three-month jail sentence imposed on Plaintiff's fraud conviction. A county is absolutely immune from Section 1983 liability for executing a facially valid court-ordered sentence. *See Hupp v. San Diego Cnty.*, No.12-CV-0492-GPC(RBB), 2014 WL 842927, at *3 (S.D. Cal. Mar. 4, 2014) (citations omitted); *Engelbretson v. Mahoney*, 724 F.3d 1034, 1039 (9th Cir. 2013). The Complaint does not contain any allegations that the order imposing Plaintiff's sentence was facially invalid. (*See* Dkt. No. 1.) Thus, Plaintiff's Section 1983 claim premised on the fact that Defendants kept her in in jail for her three month sentence is dismissed with leave to amend.

To the extent that Plaintiff seeks to bring such a claim of municipal liability—*i.e.*, claims against the County of San Mateo rather than individual officers of the Sheriff's Office whose conduct is alleged in the complaint—she has failed to state a claim for such a violation and has named the improper party as defendant for such a claim. Local governments are "persons" subject to liability under Section 1983 where official policy or custom causes a constitutional tort. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). However, a city or county may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior. *See Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997). Rather, to impose municipal liability, a plaintiff must show that: (1) she possessed a constitutional right of which she was deprived; (2) the entity had a policy; (3) the policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill,* 130 F.3d 432, 438 (9th Cir. 1997). Here,

Plaintiff has not alleged the existence of any official policy of San Mateo County, that the policy amounted to deliberate indifference to her rights, or that the policy was the moving force behind the alleged violation of these rights. Accordingly, as written, the Complaint fails to state a claim for relief based on municipal liability. Plaintiff will be given leave to amend the complaint to set forth the factual elements, as described above, establishing municipal liability for any alleged constitutional violations.

**B.      Improper Defendants**

To the extent that Plaintiff wishes to bring such a municipal liability claim, the proper defendant is the municipality itself—here, the County of San Mateo—not its sub-agencies or other individuals in its employ such as the Sheriff's Office, County Counsel, or member of the Board of Supervisors. *See Vance v. Cnty. of Santa Clara*, 928 F. Supp. 2d 993, 996 (N.D. Cal. 1996) (noting that the county is the proper defendant in a Section 1983 municipal liability claim, not the sheriff's office); *see also Alston v. Tassone*, No. CIV S-11-2078 JAM GGH PS, 2012 WL 2377015, at *3 (E.D. Cal. June 22, 2012), *report & recommendation adopted by* 2012 WL 3070689 (July 27, 2012) (noting that the police department "cannot be held liable for damages separate from the" municipality, so it should be "dismissed with prejudice . . . as an improper party"). Thus, all claims against the San Mateo County Sheriff's Office, County Counsel John Beiers, and County Manager John Maltbie are dismissed with prejudice.

To the extent that Plaintiff seeks to bring this or any other Section 1983 claims against the individual officers whose conduct is alleged, Plaintiff has not named the proper defendants for these claims, either. Instead, she must name the individually-involved officers as defendants. *See, e.g.*, *Ramirez v. City of Hayward*, No. 14-cv-1264-MEJ, 2014 WL 4058692, at *1 (N.D. Cal. Aug. 14, 2014).[2]

**C.      Administrative Exhaustion**

Finally, while it appears from the documents attached to the Complaint that the County

---

[2] If Plaintiff is unaware of any particular officer's name, she may name "Doe Officers" and amend the pleading within three years to add their names once she has discovered their identities. *See Viehmeyer v. City of Santa Ana*, 67 F. App'x 470, 472 (9th Cir. 2003).

9

raised the affirmative defense of failure to exhaust administrative remedies in Plaintiff's state court case, the Court does not find this to be a "complete defense" to Plaintiff's claims that would warrant outright dismissal under Section 1915. The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Failure to exhaust PLRA claims is an affirmative defense, and need not be pleaded in the complaint. *Spears v. City & Cnty. of San Francisco*, No. 06-4968 VRW, 2008 WL 2812022, at *3-5 (N.D. Cal. July 21, 2008). The Supreme Court has made clear that the "PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Thus, whenever the alleged constitutional violation occurs because the plaintiff is confined as a result of being accused of, convicted of, or sentenced for criminal offenses[,]" the PLRA's exhaustion requirement applies. *Page v. Torrey*, 201 F.3d 1136, 1139-40 (9th Cir. 2000). Notably, the PLRA requires complete exhaustion through all levels of the applicable grievance procedure. *Morgan v. Maricopa Cnty.*, 259 F. Supp. 2d 985, 989 (D. Ariz. 2003).

However, it appears that Plaintiff was not in custody at the time she filed the instant Complaint, and the Ninth Circuit has not yet squarely addressed the applicability of the PLRA to complaints filed by *former* prisoners. *Spears v. City & Cnty. of San Francisco*, No. 06-4968 VRW, 2008 WL 2812022, at *4 (N.D. Cal. July 21, 2008). While every Court of Appeal to consider this issue has held that the PLRA exhaustion requirements do *not* apply if the plaintiff is not in custody at the time of the complaint is filed, s*ee id.* at *4 (collecting cases from the Second, Third, Fourth, Seventh, Eighth, and Tenth Circuits), district courts within the Ninth Circuit have split on the issue. *Compare Mason v. Cnty. of San Mateo*, No. 02-04643 SI, 2005 WL 3957924, at *2-3 (N.D. Cal. Jan. 26, 2005) (finding that even former prisoners must comply with the PLRA's exhaustion requirements), *with Krittenbrink v. Crawford*, 313 F. Supp. 2d 1043, 1047 (D. Nev. 2004) (finding that the PLRA only applies to plaintiffs who are incarcerated at the time they file

their civil action). Thus, the Court concludes that administrative exhaustion is not necessarily a complete defense to this action on its face.

## CONCLUSION

For the reasons stated above, the Court will construe Plaintiff's Notice of Removal as the filing of a new complaint. Plaintiff's Complaint as written fails to state a claim under Section 1983. Specifically, Plaintiff's Section 1983 claims premised on excessive force, unconstitutional failure to provide medical care, race discrimination, and execution of a potentially invalid jail sentence are dismissed with leave to amend. Plaintiff's claims asserting Section 1983 liability predicated on disability discrimination are dismissed with prejudice, but Plaintiff is granted leave to recast such claims as arising directly under the ADA. In addition, all claims against the San Mateo County Sheriff's Office, County Counsel John C. Beiers, and County Manager John Maltbie are dismissed with prejudice. In the amended complaint, Plaintiff shall name the proper defendant as set forth above. In amending her allegations, Plaintiff should keep in mind the following:

1. The amended complaint must set forth in separate counts each cause of action, or theory of liability, alleged. Each count should state the underlying constitutional amended or federal law on which the Section 1983 claim is predicated.

2. The amended complaint must name the proper defendants consistent with this order. Each count of the amended complaint must identify the particular defendants being sued and identify factual allegations that give rise to a plausible inference that the named defendant is liable.

3. If Plaintiff wishes to bring municipal liability claims against the County of San Mateo, the amended complaint must clearly set forth a basis for municipal liability as set forth above.

Plaintiff must file her amended complaint by February 26, 2015. Plaintiff is warned that if she does not file by that date, her lawsuit will be dismissed. The Court encourages Plaintiff to seek free assistance from the Northern District's Pro Se Help Desk, United States Courthouse, San Francisco, 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, CA 94102 or the

Help Desk at the Oakland Federal Courthouse, 1301 Clay Street, 4th Floor, Room 470S, Oakland, CA 94612. Appointments can be made in person or by calling 415-782-8982.

The Case Management Conference ("CMC") previously set for January 29, 2015 is hereby VACATED. The Court will set a new date for the CMC if Plaintiff files an amended complaint that passes Section 1915 review.

**IT IS SO ORDERED**.

Dated: January 23, 2015

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge