UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOURDES A. ACASIO,<br><br>    Plaintiff,<br><br>    v.<br><br>SAN MATEO COUNTY SHERIFF'S OFFICE, et al.,<br><br>    Defendants. | Case No. 14-cv-04689-JSC<br><br>**ORDER DISMISSING CASE WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 9 |

Plaintiff Lourdes Acasio, proceeding pro se and *in forma pauperis*, filed the instant First Amended Complaint ("FAC") against Defendant County of San Mateo ("Defendant'). (Dkt. No. 9.) The FAC alleges that San Mateo County ("Defendant") violated her civil rights by ignoring her pleas for mental health treatment, humiliating and injuring her during post-arrest booking procedures, and incarcerating her for three months despite her severe and worsening mental health condition. Upon the review required by 28 U.S.C. § 1915(e)(2), the Court previously dismissed Plaintiff's initial complaint with leave to amend, finding that the allegations failed to state a claim upon which relief could be granted. *Acasio v. San Mateo Cnty. Sheriff's Office*, No. 14-cv-04689-JSC, 2015 WL 333011, at *6 (N.D. Cal. Jan. 23, 2015). Because, upon review, Plaintiff's FAC fails to cure many of the deficiencies that the Court identified in the initial complaint, the Court DISMISSES Plaintiff's FAC with leave to amend.

### ALLEGATIONS IN THE FIRST AMENDED COMPLAINT

The factual background of this case was already addressed in the Court's order dismissing the initial complaint, *Acasio*, 2015 WL 333011, at *1, and the FAC has not added many new facts. Nevertheless, the background is provided here.

The claims in the FAC arise out of Plaintiff's arrest in Daly City on November 30, 2012,

and the events that unfolded thereafter during her booking and detention at the San Mateo County Jail. (Dkt. No. 9 at 4.) Plaintiff suffers from depression and received Social Security disability benefits because of her mental health condition. (*Id*.) Because of her depression, she had a panic attack during her arrest. During the booking process that followed, Plaintiff—who was crying non-stop and was slow to comply with the officer's orders—told San Mateo County Sheriff Officer "Curley" that she was having a panic attack, felt dizzy, and wanted to go to the hospital. (*Id*.) Officer Curley did not believe Plaintiff, and instead of bringing her to the hospital, called in another female officer for assistance. (*Id*.) Plaintiff continued to cry as the officers pushed her, stripped her, and laughed at her body, then called for more backup. (*Id*.) At that point, three male officers entered the room, including an Officer "Lucy" who rushed into the room and, without asking Plaintiff what was wrong with her or any other questions, brutally pushed her to the floor, which caused her to fall on a hard stone chair and injure her hip, knees, and lower back. (*Id*. at 5, 10.)

After that incident, Plaintiff repeatedly requested medical treatment both for her booking-related physical injuries and her mental health condition. (*Id.* at 7.) As for treatment for her physical injuries, Plaintiff alleges that after she sustained injuries to her hip, knee, and lower back due to the attack from one of the officers and asked a sheriff to see a doctor, but a sheriff told her there was no doctor, so they put her in solitary confinement instead. (*Id.* at 11.) With respect to mental health treatment, Plaintiff alleges that she is supposed to take daily medications for her mental health condition, and continually asked to be taken to the hospital to get medication for her depression and anxiety, but was not given any medication for one to two weeks and was repeatedly ignored. (*Id.*) Plaintiff's mental health condition worsened while she was in jail. (*Id.* at 7.)

In addition to challenging her treatment during confinement, Plaintiff also appears to challenge the County Jail's execution of her three-month sentence imposed for a fraud conviction, which caused her mental health condition to deteriorate. (*Id.* at 9, 12.) As a result of being in jail for three months, Plaintiff's mental health condition deteriorated and she was evicted from her home. (*Id.*)

## LEGAL STANDARD

The Court must dismiss an *in forma pauperis* ("IFP") complaint before service of process if it is frivolous, fails to state a claim, or contains a complete defense to the action on its face. 28 U.S.C. § 1915(e)(2). The Court retains discretion over the terms of dismissal, including whether to grant leave to amend. *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000). Because this is a pro se civil rights case, the Court must notify Plaintiffs of the deficiencies in the complaint and provide an opportunity to amend prior to dismissal, unless it is completely clear that the deficiencies of the complaint cannot be cured. *Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir. 1987) (*superseded on other grounds by statute as stated in Lopez,* 203 F.3d 1122, 1138 (Rymer, J., concurring)).

Regarding dismissals for failure to state a claim, Section 1915(e)(2) parallels the language of Federal Rules of Civil Procedure 12(b)(6). *Lopez,* 203 F.3d at 1127. In considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, the Court must accept as true the allegations of the complaint in question, *Erickson v. Pardus,* 551 U.S. 89, 94 (2007), and construe the pleading in the light most favorable to the plaintiff, *see Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). To avoid dismissal, a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-57 (2007). Indeed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* Furthermore, a claim upon which a court can grant relief must have facial plausibility. *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556.

In addition, on Section 1915 review, a complaint must also comply with Rule 8(a)(2), which requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *See, e.g.*, *Cromer v. Unkown*, No. CV 13-4963-CJC(OP), 2014 WL 3101410, at *3-4 (C.D. Cal. July 2, 2014).

**DISCUSSION**

Plaintiff brings a number of different claims in the FAC, including claims for excessive force, inadequate medical treatment, race discrimination, and disability discrimination. However, as written, each claim falls short of the pleading standards and must be amended.

First, far from containing a "short and plain statement of the claim" as Rule 8(a) requires, the complaint is repetitive and confusing. Instead of submitting an entirely new amended pleading as required, Plaintiff submitted the factual recitation set forth in her initial complaint (Dkt. No. 9 at 4-6) along with a number of additional typed and handwritten pages of updated allegations (*id.* at 7-25). The new pages largely repeat the factual content alleged in the earlier pages—*i.e.*, the allegations set forth in the initial complaint. But they also include language that appears to mimic the language in the court's earlier order, addressing the procedural history of this case, the legal standard for review under Section 1915, and case law discussing the requirements for stating a claim for relief under Section 1983 and alleging in a conclusory fashion that the elements of each claim exist. (*See id.* at 15-25; *see, e.g.*, *id.* at 22 ("I allege facts sufficient to plausibly show that [ ] San Mateo county was deliberately indifferent to my serious medical needs.").)

The Court's order dismissing the initial complaint directed Plaintiff to "set forth in separate counts each cause of action, or theory of liability, alleged." *Acasio*, 2015 WL 333011, at *6. Plaintiff has not done so. Nevertheless, Plaintiff states in various portions of the FAC that she is bringing the following claims: (1) a Section 1983 claim for excessive force during pretrial detention in violation of the Fourteenth Amendment; (2) a Section 1983 claim for inadequate medical treatment, deliberate indifference to the need for medical care, and inhumane conditions of confinement under the Eighth Amendment; (3) a Section 1983 claim for race discrimination; and (4) a claim for disability discrimination under the ADA. (Dkt. No. 9 at 2, 8, 19-21.)[1] The Court will first address Plaintiff's Section 1983 claims, then will turn to her claim under the ADA.

---

[1] Elsewhere Plaintiff states that she is alleging discrimination based on her entire "personality," but such a claim is not actionable. (*See, e.g.*, Dkt. No. 9 at 12.)

**A.   Section 1983 Claims**

   1.   *Inadequate Medical Treatment Claim*

One of Plaintiff's Section 1983 claims alleges that Defendant violated her Eighth Amendment rights by deliberate indifference to her medical needs—*i.e.*, knowingly failing to provide adequate medical treatment.  Plaintiff states in a conclusory manner that she has alleged facts sufficient to show both requirements of such a claim:  (1) an objectively serious medical need and (2) a subjective and "sufficiently culpable" state of mind on the part of the defendant." *Acasio*, 2015 WL 333011, at *4.  Aside from those conclusory allegations, Plaintiff has alleged facts establishing that she repeatedly requested medical treatment both for her booking-related physical injuries and her mental health condition.  (Dkt. No. 9 at 7.)  As for treatment for her physical injuries, Plaintiff alleges that after she sustained injuries to her hip, knee, and lower back due to the attack from one of the officers and asked a sheriff to see a doctor, but a sheriff told her there was no doctor, so they put her in solitary confinement instead.  (*Id.* at 11.)  With respect to mental health treatment, Plaintiff alleges that she is supposed to take daily medications for her mental health condition, and continually asked to be taken to the hospital to get medication for her depression and anxiety, but was not given any medication for one to two weeks and was repeatedly ignored.  (*Id.*)  But in order to state a claim upon which relief may be granted, a Plaintiff must plead both that the defendant was aware of facts from which one could infer a substantial risk of an objectively serious medical need and that the defendant actually drew that inference.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  The only facts that Plaintiff has alleged here is that she requested medical attention.  She has not alleged facts that plausibly establish that Defendant could infer a risk of a *serious* medical need; indeed, she does not allege exactly why she needed medical treatment. Without such allegations, the FAC does not plausibly allege deliberate indifference to a serious medical need and therefore fails to state a claim for inadequate medical treatment.

   2.   *Race Discrimination Claim*

Plaintiff has not added any new facts to support her Section 1983 claim predicated on race discrimination, and thus has failed to cure the defects identified in the Court's order dismissing the

1   initial complaint.  Plaintiff had an opportunity to amend this claim but did not take any steps to do
2   so.  Accordingly, Plaintiff's race discrimination claim is dismissed with prejudice.

3         3. *Executing Plaintiff's Sentence*

4   In the FAC Plaintiff alleges that one basis for her Section 1983 claim is that Defendant
5   "incarcerat[ed her] for three months despite [her] severe[ ] and worsening mental health
6   condition." (Dkt. No. 9 at 9.)  As the Court set forth earlier, a county is absolutely immune from
7   Section 1983 liability for executing a facially valid court-ordered sentence, and the FAC does not
8   contain any allegations that the order imposing Plaintiff's sentence was facially invalid.  Plaintiff
9   has already been given an opportunity to amend this claim, but she has not added any facts to the
10  FAC to support it.  Accordingly, to the extent that Plaintiff brings a Section 1983 claim
11  challenging the imposition of her sentence, this claim too is dismissed with prejudice.

12        4. *Excessive Force Claim*

13  Plaintiff brings a claim for excessive force during pretrial detention under the Fourteenth
14  Amendment.  (*See id.* at 20-21.)  Claims of excessive force under the Fourteenth Amendment state
15  a claim only when they involve "egregious [ ] conduct in the form of excessive and brutal use of
16  physical force" that rises to the level of a violation of substantive due process." *White v. Roper*,
17  901 F.2d 1501, 1507 (9th Cir. 1990).  The factors for determining whether the physical force
18  violates due process include:  (1) the need for the application of force; (2) the relationship between
19  the need and the amount of force that was used; (3) the extent of the injury inflicted; and (4)
20  whether force was applied in a good faith effort to maintain and restore discipline.  *Id.*

21  Here, Plaintiff alleges that during the booking process while she was having a panic attack
22  that made her slow to comply with certain officer's orders, a male officer rushed into the room and
23  attacked her very quickly, pushing her down into a hard stone chair.  (*Id.* at 10.)  Plaintiff alleges
24  that she was taking time to comply with the officer's orders to undress solely because she was
25  having a panic attack, but that the officers did not believe her.  Drawing all inferences in
26  Plaintiff's favor, even if the FAC implies that officer rushed Plaintiff in a good faith attempt to
27  "maintain discipline"—*i.e.*, to get Plaintiff to comply with the order to undress—the FAC
28  sufficiently alleges facts that plausibly establish that force was not needed under the circumstances

United States District Court
Northern District of California

1  presented, certainly not the amount of force used. Accordingly, Plaintiff has stated a claim for
2  excessive force, but as described below, the claim cannot proceed against the County of San
3  Mateo.

4      4.   *Municipal Liability*

5  The only defendant named in the FAC is the County of San Mateo.[2] Thus, the Court
6  construes the FAC to allege claims of municipal liability only.[3] But the FAC still fails to allege
7  facts sufficient to set forth a plausible basis for municipal liability. To state a claim for municipal
8  liability, a plaintiff must show: (1) she possessed a constitutional right of which she was deprived;
9  (2) the entity had a policy; (3) the policy amounts to deliberate indifference to the plaintiff's
10 constitutional rights; and (4) the policy is the moving force behind the constitutional violation.
11 *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill,* 130 F.3d 432, 438 (9th Cir. 1997). Here, Plaintiff
12 alleges generally that the "systems" and "method[s] inside the jail" are "wrong[.]" (Dkt. No. 9 at
13 9; *see also id.* at 19 ("Plaintiff[ ] believes the Defendants conduct and systems [are] wrong").)
14 Other than general allegations, however, the FAC does not allege facts that plausibly establish the
15 existence of any official policy of San Mateo County, that the policy amounted to deliberate
16 indifference to her rights, or that the policy was the moving force behind the alleged violation of
17 these rights. Accordingly, as written, the Complaint fails to state a claim for relief based on
18 municipal liability.

19 **B.   Disability Discrimination Claim**

20 Finally, in the FAC Plaintiff properly has recast her disability discrimination claim as
21 arising directly under the ADA instead of Section 1983. However, Plaintiff has not alleged facts

---

[2] Although the Court dismissed with prejudice all claims against County Manager John Maltbie (among other individuals), Plaintiff nevertheless names him as Defendant in the FAC. (Dkt. No. 9 at 2 (naming "Mr. John Maltbie, County Manager / Clerk of the Board of Supervisors" as defendant).) Any and all claims against County Manager John Maltbie already have been dismissed with prejudice, but for the purposes of clarity, any claims against Maltbie in the FAC are dismissed with prejudice, as well.

[3] In its order dismissing the initial compliant, the Court informed Plaintiff that she could bring Section 1983 claims directly against individual officers by either naming them or listing them as Doe Defendants. Plaintiff did not do so in the FAC, and therefore the Court construes the FAC as bringing claims of municipal liability only.

sufficient to create a plausible claim of disability discrimination.  Plaintiff has not alleged facts sufficient to plausibly establish that:  (1) she is an individual with a disability; (2) she is otherwise qualified to receive the benefit of some public entity's services; (3) she was denied the public entity's services or was otherwise discriminated against; and (4) such denial of services or discrimination was *because of* the plaintiff's disability.  *Lum v. Cnty. of San Joaquin*, 756 F. Supp. 2d 1243, 1251 (E.D. Cal. 2010) (citing *Weinrich v. L.A. Cnty. Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997)).

First, although Plaintiff has alleged that she suffers from depression, she has not alleged facts sufficient to plausibly establish that she is disabled within the meaning of the ADA.  Under the ADA, a disability is a "physical or mental impairment that substantially limits one or more of the major life activities" of the individual claiming the disability.  29 C.F.R. § 1630.2(g)(1).  "Substantially limits . . . major life activities" means that the person claiming the disability is unable to perform a function that the average person in the population can perform, such as "caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working," or that he is "significantly restricted as to the condition, manner, or duration under which [he] can perform [such a function] as compared with . . . the average person."  29 C.F.R. § 1630.2(i), (j).  What is more, Plaintiff not identified the particular service she was denied or discriminatory action she suffered, let alone alleged facts sufficient to plausibly show that she suffered such discrimination *because of* a disability.  For each of these reasons, Plaintiff's ADA claim is insufficiently pled and therefore fails to survive Section 1915 review.

**CONCLUSION**

For the reasons stated above, the FAC still fails to state a claim upon which relief may be granted and therefore does not pass Section 1915 review.  Specifically, Plaintiff's Section 1983 municipal liability claims premised on excessive force and inadequate medical care and her disability discrimination claim under the ADA are dismissed with leave to amend.  Plaintiff's Section 1983 claims for race discrimination and execution of a potentially invalid jail sentence are dismissed with prejudice; Plaintiff may not assert such claims in any Second Amended Complaint.  In amending her allegations, Plaintiff should keep in mind the following:

1. The amended complaint should be a single document setting forth factual allegations and causes of action alleged.  That is, Plaintiff shall not file an amended pleading that simply duplicates the initial complaint or FAC and appends additional pages.  Rather, Plaintiff shall submit one newly amended pleading in its entirety.

2. The amended complaint must set forth in separate counts each cause of action, or theory of liability, alleged.  Each count should state the underlying constitutional amendment or federal law on which the Section 1983 claim is predicated.

3. The amended complaint must clearly set forth a basis for municipal liability as set forth above.

Plaintiff must file her amended complaint by April 10, 2015.  Plaintiff is warned that if she does not file by that date, her lawsuit will be dismissed.  The Court again strongly encourages Plaintiff to seek free assistance from the Northern District's Pro Se Help Desk, United States Courthouse, San Francisco, 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, CA 94102 or the Help Desk at the Oakland Federal Courthouse, 1301 Clay Street, 4th Floor, Room 470S, Oakland, CA  94612.  Appointments can be made in person or by calling 415-782-8982.

**IT IS SO ORDERED.**

Dated:  March 11, 2015

_____
Jacqueline Scott Corley
United States Magistrate Judge