1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LOURDES A. ACASIO,

     Plaintiff,

    v.

SAN MATEO COUNTY, et al.,

     Defendants.

Case No.  14-cv-04689-JSC

**ORDER REVIEWING SECOND
AMENDED COMPLAINT UNDER
SECTION 1915 AND ORDERING
SERVICE BY THE MARSHAL**

     Plaintiff Lourdes Acasio, proceeding pro se and *in forma pauperis*, filed the instant Second Amended Complaint ("SAC") against Defendants County of San Mateo (the "County"), and San Mateo County Sheriff Officers Lucy and Curley (the "Individual Defendants" and, collectively, "Defendants").  (Dkt. No. 11.)  The SAC alleges that Defendants violated her civil rights by humiliating and injuring her during post-arrest booking procedures and ignoring her pleas for medical treatment during booking and thereafter.  Upon the review required by 28 U.S.C. § 1915(e)(2), the Court twice previously dismissed Plaintiff's complaints with leave to amend, finding that the allegations failed to state a claim upon which relief could be granted.  *Acasio v. San Mateo Cnty. Sheriff's Office*, No. 14-cv-04689-JSC, 2015 WL 1090881, at *5 (N.D. Cal. Mar. 12, 2015) ("*Acasio II*"); *Acasio v. San Mateo Cnty. Sheriff's Office*, No. 14-cv-04689-JSC, 2015 WL 333011, at *6 (N.D. Cal. Jan. 23, 2015) ("*Acasio I*").

**ALLEGATIONS IN THE SECOND AMENDED COMPLAINT**

     The factual background of this case was already addressed in the Court's Orders dismissing the earlier complaints, *Acasio II*, 2015 WL 1090881, at *1; *Acasio I*, 2015 WL 333011, at *1, and the SAC has not added many new facts.  Nevertheless, because Plaintiff has added some new facts and clarified some claims, the background is provided here.

United States District Court
Northern District of California

1    The claims in the SAC arise out of Plaintiff's arrest in Daly City on November 30, 2012,

2  and the events that unfolded thereafter during her booking and detention at the San Mateo County

3  Jail. (Dkt. No. 11 at 5.) Plaintiff suffers from a disability: depression. (*Id.*) Because of her

4  depression, she had a panic attack and nervous breakdown during her arrest. (*Id.*) During the

5  booking process that followed, Plaintiff—who requested to see a counselor, was crying

6  uncontrollably, and was slow to comply with the officer's orders—told San Mateo County Sheriff

7  Officer "Curley" that she had a disability, suffered from depression, felt dizzy, and needed to go to

8  the hospital soon. (*Id.*) Officer Curley did not believe Plaintiff, and instead of bringing her to the

9  hospital, continued the booking process. (*Id.* at 5-6.) Plaintiff's dizziness worsened as Officer

10  Curley directed more orders at her. (*Id.* at 6.) Officer Curley then called another female officer

11  into the room. (*Id.* at 6.) The two female officers laughed at Plaintiff's body as they ordered her

12  to strip naked, causing Plaintiff dizziness, anger, and humiliation. (*Id.*) The two officers ordered

13  Plaintiff to sit down, but she did not comply with that request immediately. (*Id.*)

14    At that point, one of the officers called for more backup. (*Id.*) Male officers entered the

15  room, including an Officer "Lucy" who rushed into the room, came to the front of Plaintiff—who

16  was still naked—and pushed her hard down to the floor. (*Id.* at 6-7.) Plaintiff landed on her back

17  on a hard stone chair, which caused her to injure her back, hip, and knees, causing pain and

18  making it difficult for her to sit for long periods of time. (*Id.* at 7, 10.) Plaintiff continued to cry

19  while she told the officers in the room that she had a disability. (*Id.* at 7.)

20    After the initial booking incident, Plaintiff was seen by a nurse in the jail clinic and

21  informed her, too, that she wanted to see a doctor because of her panic attack, depression, and

22  dizziness. (*Id.* at 8.) The nurse informed Plaintiff that she had high blood pressure but provided

23  no medication. (*Id.*) Plaintiff asked the nurse to see a doctor, but the nurse informed her that no

24  doctor was available that day or that night, and that Plaintiff would either be in the jail generally or

25  in isolated confinement if she showed signs of depression. (*Id.*) On this note, more generally,

26  Plaintiff alleges that there is no doctor available to inmates at the San Mateo County Jail for

27  emergency situations. *(Id.* at 6.) The only opportunity to see a doctor is if there is a scheduled

28  appointment during the morning or afternoon. (*Id.*) In the evenings there is no doctor available or

2

1   hospital allowed for inmates with serious medical needs.  (*Id.*)  Plaintiff also alleges that the San

2   Mateo County Jail has no policy providing a doctor or hospital for inmates in need of emergency

3   medical attention.  (*Id.* at 8.)

4       In Plaintiff's booking photo, her eyes were so swollen from crying that days later she was

5   called to re-take the picture so she would not look so depressed in the picture.  (*Id.* at 9)  After the

6   picture was taken, Plaintiff again requested to see a doctor.  (*Id.*)  At some point, Plaintiff was

7   brought out of the confinement area for an interview.  (*Id.*)  Plaintiff, crying very hard, informed

8   the interviewer that she had depression, was not feeling well, was experiencing a nervous

9   breakdown and panic attack, and needed to see a doctor.  (*Id.*)  The interviewer ignored her pleas.

10  (*Id.*)  That night, Plaintiff was transferred to the Women's Correctional area, where she again

11  asked to see a doctor.  (*Id.* at 10.)  Because no doctor was available and there is no emergency

12  hospital-visit protocol, Plaintiff was placed in isolated confinement.  (*Id.*)

13      In the three-count complaint, Plaintiff brings three claims under 42 U.S.C. § 1983:

14  inadequate medical treatment, excessive force, and disability discrimination.  (*Id.*)

## LEGAL STANDARD

16      The Court must dismiss an *in forma pauperis* ("IFP") complaint before service of process

17  if it is frivolous, fails to state a claim, or contains a complete defense to the action on its face.  28

18  U.S.C. § 1915(e)(2).  The Court retains discretion over the terms of dismissal, including whether

19  to grant leave to amend.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).  Because this is a

20  pro se civil rights case, the Court must notify Plaintiffs of the deficiencies in the complaint and

21  provide an opportunity to amend prior to dismissal, unless it is completely clear that the

22  deficiencies of the complaint cannot be cured.  *Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir.

23  1987) (*superseded on other grounds by statute as stated in Lopez*, 203 F.3d at 1138 (Rymer, J.,

24  concurring)).

25      Regarding dismissals for failure to state a claim, Section 1915(e)(2) parallels the language

26  of Federal Rules of Civil Procedure 12(b)(6).  *Lopez*, 203 F.3d at 1127.  In considering a motion to

27  dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, the Court

28  must accept as true the allegations of the complaint in question, *Erickson v. Pardus*, 551 U.S. 89,

United States District Court
Northern District of California

94 (2007), and construe the pleading in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  To avoid dismissal, a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007).  Indeed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.*  Furthermore, a claim upon which a court can grant relief must have facial plausibility. *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556.

On Section 1915 review, a complaint must also comply with Rule 8(a)(2), which requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *See, e.g.*, *Cromer v. Unknown*, No. CV 13-4963-CJC(OP), 2014 WL 3101410, at *3-4 (C.D. Cal. July 2, 2014).

In addition, because Plaintiff is proceeding in this action pro se, the Court must construe her complaint liberally.  *See Garaux v. Pulley*, 739 F.2d 437, 439 (9th Cir. 1984) ("This circuit has long had a rule of liberal construction of pleadings presented by pro se litigants.").  However, the court may not add to the factual allegations in the complaint. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (liberal interpretation of a pro se complaint "may not supply essential elements of the claim that were not initially pled").

## DISCUSSION

**A.    Section 1983 Claims**

  1.    *Inadequate Medical Treatment*

One of Plaintiff's Section 1983 claims alleges that Defendants violated her Eighth Amendment rights by deliberate indifference to her medical needs—*i.e.*, knowingly failing to provide adequate medical treatment.  To state a claim upon which relief may be granted, a plaintiff must plead that the defendant was aware of facts from which one could infer a substantial risk of an objectively serious medical need, and that defendant actually drew that inference, but did not act on it. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Here, Plaintiff has alleged facts

United States District Court
Northern District of California

establishing that she repeatedly requested medical treatment for her booking-related physical

injuries and mental health condition.  The alleged conditions are sufficiently serious to pass

Section 1915 review:  a back and hip injury from being slammed into a stone chair, and mental

health issues described as a "nervous breakdown" that manifested in uncontrollable crying.  Under

the circumstances presented, in which Plaintiff repeatedly informed San Mateo County Jail staff—

including the sheriff's officers, a nurse at the clinic, and the person who interviewed her, that she

was dizzy, depressed, having a panic attack, and needed to go to the hospital (*see, e.g.*, Dkt. No.

11 at 8)—drawing all inferences in Plaintiff's favor, one could plausibly infer a substantial risk of

an objectively serious medical need and that the defendant actually drew that inference and failed

to act on it.  *See Farmer*, 511 U.S. at 837.  Thus, at least for the purposes of passing Section 1915

review, Plaintiff has alleged deliberate indifference to a serious medical need and therefore states a

claim for inadequate medical treatment.

Moreover, Plaintiff has alleged facts sufficient to set forth a plausible basis for municipal

liability.[1]  To state a claim for municipal liability, a plaintiff must show:  (1) she possessed a

constitutional right of which she was deprived; (2) the entity had a policy; (3) the policy amounts

to deliberate indifference to the plaintiff's constitutional rights; and (4) the policy is the moving

force behind the constitutional violation.  *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d

432, 438 (9th Cir. 1997).  Here, Plaintiff has alleged that Defendants' deliberate indifference to

her need for medical attention was due to the San Mateo County Jail's policy of never providing a

doctor for emergency situations, only providing medical care during the morning and afternoon for

pre-scheduled appointments, and offering even those inmates with serious medical needs two

options: jail or solitary confinement.  (*See* Dkt. No. 11 at 8.)  Following that policy, Plaintiff was

either left in jail or sent to solitary confinement despite her warning that she was having a panic

attack that required immediate medical attention.  Thus, Plaintiff has sufficiently alleged that the

policy amounted to deliberate indifference to her rights, or that the policy was the moving force

---

[1] While Plaintiff does not clarify which counts she brings against the County versus the Individual
Defendants, liberally construing the complaint's claims, *see Garaux*, 739 F.2d at 439, the Court
construes Plaintiff as bringing this deliberate indifference to medical treatment against the County.

United States District Court
Northern District of California

United States District Court
Northern District of California

behind the alleged violation of these rights for the purposes of Section 1915 review.

> 2. *Excessive Force*

The Court already determined that Plaintiff stated a claim for excessive force because her SAC pleaded facts that plausibly alleged "egregious [ ] conduct in the form of excessive and brutal use of physical force that rises to the level of a violation of substantive due process." *White v. Roper*, 901 F.2d 1501, 1507 (9th Cir. 1990). Specifically, Plaintiff alleges that Officer Lucy ran into the room towards Plaintiff and pushed her hard towards the ground causing her to fall into a hard, stone chair. As the Court already determined, "[d]rawing all inferences in Plaintiff's favor, even if the FAC implies that officer rushed Plaintiff in a good faith attempt to "maintain discipline"—*i.e.*, to get Plaintiff to comply with the order to undress—the FAC sufficiently alleges facts that plausibly establish that [Officer Lucy's] force was not needed under the circumstances presented, certainly not the amount of force used." *Acasio II*, 2015 WL 1090881, at *4. Plaintiff's excessive force claim against Officer Lucy therefore passes Section 1915 review.

However, in the SAC—just as in the FAC—Plaintiff has not pleaded facts sufficient to bring an excessive force claim against the County. Plaintiff has not identified a custom, policy, or practice at the San Mateo County Jail that motivated Officer Lucy's actions. *See Plumeau*, 130 F.3d at 438.

**B.    Disability Discrimination**

Finally, Plaintiff has not cured the defects in her disability discrimination claim. First, although it is unclear in the SAC, the Court construes Plaintiff's disability discrimination claim as arising directly under the ADA instead of Section 1983; indeed, this is how Plaintiff styled her claim in the FAC. But Plaintiff still has not alleged facts sufficient to create a plausible claim of disability discrimination. As before, Plaintiff has not amended the pleadings to add facts sufficient to plausibly establish that: (1) she is an individual with a disability; (2) she is otherwise qualified to receive the benefit of some public entity's services; (3) she was denied the public entity's services or was otherwise discriminated against; and (4) such denial of services or discrimination was *because of* the plaintiff's disability. *Lum v. Cnty. of San Joaquin*, 756 F. Supp. 2d 1243, 1251 (E.D. Cal. 2010) (citing *Weinrich v. L.A. Cnty. Metro. Transp. Auth.*, 114 F.3d 976,

1    978 (9th Cir. 1997)).

2          Assessing Plaintiff's disability discrimination claim in the FAC, the Court explained:

3                First, although Plaintiff has alleged that she suffers from depression,
                 she has not alleged facts sufficient to plausibly establish that she is
4                disabled within the meaning of the ADA.  Under the ADA, a
                 disability is a "physical or mental impairment that substantially
5                limits one or more of the major life activities" of the individual
                 claiming the disability.  29 C.F.R. § 1630.2(g)(1).  "Substantially
6                limits . . . major life activities" means that the person claiming the
                 disability is unable to perform a function that the average person in
7                the population can perform, such as "caring for oneself, performing
                 manual tasks, walking, seeing, hearing, speaking, breathing,
8                learning, and working," or that he is "significantly restricted as to
                 the condition, manner, or duration under which [he] can perform
9                [such a function] as compared with . . . the average person."  29
                 C.F.R. § 1630.2(i), (j).  What is more, Plaintiff not identified the
10               particular service she was denied or discriminatory action she
                 suffered, let alone alleged facts sufficient to plausibly show that she
11               suffered such discrimination because of a disability.

12   *Acasio II*, 2015 WL 1090881, at *5.  So it is here, as Plaintiff has not added any new factual

13   allegations to cure these defects.  Accordingly, Plaintiff's ADA claim is insufficiently pled and

14   therefore fails to survive Section 1915 review.

15                                    **CONCLUSION**

16         For the reasons explained above, the SAC states a claim upon which relief can be granted

17   as to at least some causes of action, and therefore passes Section 1915 review.  Only Plaintiff's

18   Section 1983 claims for inadequate medical treatment and excessive force may proceed; Plaintiff's

19   disability discrimination claim is dismissed.  The Clerk of Court shall issue the summons.

20   Further, the U.S. Marshal for the Northern District of California shall serve, without prepayment

21   of fees, a copy of the complaint, any amendments or attachments, and this Order upon Defendants.

22   The Court's decision to allow the SAC to proceed to service is without prejudice to Defendants

23   moving to dismiss the claims on any grounds.

24         **IT IS SO ORDERED.**

25   Dated:  May 19, 2015

26                                                    _Jacqueline Scott Corley_
27                                                    JACQUELINE SCOTT CORLEY
                                                      United States Magistrate Judge
28

United States District Court
Northern District of California

7