UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOURDES A. ACASIO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SAN MATEO COUNTY, et al.,<br><br>　　　　Defendants. | Case No. 14-cv-04689-JSC<br><br>**ORDER RE: MOTION TO DISMISS THIRD AMENDED COMPLAINT**<br><br>Re: Dkt. No. 41 |

Plaintiff Lourdes Acasio, proceeding pro se, brings this action against the County of San Mateo (the "County") and San Mateo County Sheriff Officers Lucy and Curley (the "Individual Defendants" and, collectively, "Defendants"). (Dkt. No. 33.) Plaintiff alleges that Defendants violated her civil rights by humiliating and injuring her during post-arrest booking procedures and ignoring her pleas for medical treatment during booking and thereafter. Ruling on Defendants' motion to dismiss the First Amended Complaint ("FAC"), the Court concluded that Plaintiff had adequately pleaded a Fourth Amendment excessive force claim against Officer Lucy, but had failed to allege facts to state a plausible claim of municipal liability against the County for knowingly failing to provide adequate medical treatment. *See Acasio v. San Mateo Cnty.*, No. 14-cv-04689-JSC, 2015 WL 5568345, *7-9 (N.D. Cal. Sept. 22, 2015) ("*Acasio IV*"). Plaintiff has since filed a Third Amended Complaint ("TAC"). (Dkt. No. 33.) Now pending before the Court is Defendants' motion to dismiss the deliberate indifference municipal liability claim on the grounds that Plaintiff has failed to cure the defects that the Court earlier identified.[1] (Dkt. No. 41.)

---

[1] Defendants' motion is labeled "Motion to Dismiss Plaintiff's Third Amended Complaint. (Dkt. No. 41 at 2.) In their Notice of Motion, Defendants represent that they seek an order "granting dismissal without leave to amend of all counts filed against Defendants in the Third Amended Complaint[.]" (Dkt. No. 41 at 2.) Similarly, at some places in the motion Defendants urge that

Having considered the parties' submissions, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and GRANTS Defendants' motion to dismiss the municipal liability claim.

## BACKGROUND

The factual allegations of this matter were already addressed in detail in the Court's Order reviewing the SAC pursuant to 28 U.S.C. § 1915(e)(2) and Order granting in part Defendant's motion to dismiss the SAC, which the Court incorporates by reference here. *See Acasio IV*, 2015 WL 5568345, at *1-2; *Acasio v. San Mateo Cnty.*, No. 14-cv-04689-JSC, 2015 WL 2411943, at *1-2 (N.D. Cal. May 20, 2015) ("*Acasio III*"). The allegations of the TAC are nearly identical to the earlier iterations of the complaint. Indeed, portions of the TAC merely duplicate pages of Plaintiff's first and second amended complaints and her opposition to Defendants' motion to dismiss the SAC. Moreover, the only allegations at issue here are those pertaining to Plaintiff's claim for municipal liability against the County for failure to provide adequate medical treatment, which centers on her claim that the jailhouse nurse's examination was constitutionally insufficient and she should have been referred to a doctor for immediate medical treatment. Thus, the Court will not reiterate the entire background here, and instead will highlight only the newly-added allegations in the TAC.[2]

Plaintiff alleges that the nurse's medical examination was insufficient for several reasons. First, because the nurse only checked her vital signs and told Plaintiff that she had high blood pressure, but did not provide any medication to remedy that condition. (Dkt. No.33-1 at 11-12,

---

the Court should dismiss the entire TAC with prejudice. (*See id.* at 4, 9.) Elsewhere, however, Defendants clarify that the only claim they seek to dismiss is the municipal liability claim, and their argument for dismissal focuses only on municipal liability. (*See id.* at 5-9.) Moreover, the Court has already held that Plaintiff adequately pleads a Section 1983 excessive force claim against Officer Lucy. *See Acasio IV*, 2015 WL 5568345, *7. The Court therefore construes Defendants' motion as a motion to dismiss the municipal liability claim only.

[2] Plaintiff also submitted a declaration in support of her opposition to Defendants' motion to dismiss. (Dkt. No. 43 at 9-13.) The Court does not consider this declaration, as a 12(b)(6) motion focuses on the allegations of the complaint. *See Ramirez v. United Airlines, Inc.*, 416 F. Supp. 2d 792, 795 (N.D. Cal. 2005) ("[M]aterials outside the pleadings ordinarily are not considered on a motion to dismiss[.]"). However, it will consider the declaration in the context of whether leave to amend would be futile.

1    17.)  Second, because Plaintiff informed the nurse that she suffered from depression, but the nurse
2    did not prescribe Plaintiff any anti-depressant medication.  (*Id.*)  And third, because the nurse
3    exercised poor judgment and was unprofessional and negligent in not requesting that Plaintiff see
4    a doctor.  (*Id.* at 11-12, 17.)  Besides that, Plaintiff repeats her allegation that she requested to see
5    a doctor many times to no avail, and that the jail has no policy for emergency medical treatment.
6    (*Id.* at 12-13, 16, 18; Dkt. No. 33-2 at 1.)  She alleges that her condition worsened because she was
7    not able to see a doctor inasmuch as she continued to experience panic attacks, continued crying
8    non-stop, and experienced back pain.  (Dkt. No. 33-1 at 18.)

## LEGAL STANDARD

A Rule 12(b)(6) motion challenges the sufficiency of a complaint as failing to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A facial plausibility standard is not a "probability requirement" but mandates "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted).  For purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Mar. Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  "[D]ismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotation marks and citations omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law.").

Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), under which a party is only required to make "a short and plain statement of the claim showing that the pleader is entitled to relief," a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir.

2004); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."), *cert. denied*, 132 S. Ct. 2101 (2012). The court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663-64.

Pro se pleadings are generally liberally construed and held to a less stringent standard. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In *Hebbe v. Pliler*, 627 F.3d 338 (9th Cir. 2010), the Ninth Circuit held that courts must still liberally construe pro se filings post-*Iqbal* noting that "[w]hile the standard is higher, our obligation remains, where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Id.* at 342 (internal quotation marks and citations omitted). Nevertheless, the Court may not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

**DISCUSSION**

To state a claim for municipal liability, a plaintiff must show (1) she possessed a constitutional right of which she was deprived; (2) the entity had a policy; (3) the policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). In dismissing the SAC's municipal liability claim, the Court noted that Plaintiff had failed to plausibly allege the first and third elements. The Court advised Plaintiff that, if she wished to amend her claim, she must include factual allegations that "indicate why the treatment by the nurse was insufficient, how the County's failure to provide treatment by a doctor or at the hospital caused Plaintiff further harm, and actual facts—aside from conclusory allegations—from which the Court can draw an inference of the existence of a County policy of refusal to provide emergency medical treatment to pretrial detainees." *Acasio IV*, 2015 WL

5568345, at *9. Plaintiff has failed to do so.

With respect to the first element, as the Court previously explained, to establish deliberate indifference to the need for medical treatment, a plaintiff must plausibly allege "(1) a serious medical need and (2) a deliberately indifferent response." *Acasio IV*, 2015 WL 5568345, at *8. To show deliberate indifference, Plaintiff must allege facts sufficient to give rise to a plausible inference that the defendant was aware of a prisoner's substantial risk of serious harm but disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837. Failure to take reasonable steps may include either engaging in a course of treatment that is "medically unacceptable under the circumstances" or taking action—or inaction—"in conscious disregard of an excessive risk to plaintiff's health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (internal quotation marks and citations omitted). "[D]ifferences of opinion between the prisoner and the medical staff regarding the appropriate medical treatment does not amount to deliberate indifference." *Acasio IV*, 2015 WL 5568345, at *8 (citing *Jackson*, 90 F.3d at 332). Similarly, deliberate indifference is more than mere "negligence in diagnosing or treating a medical condition." *Estelle v. Gramble*, 429 U.S. 97, 106 (1976).

The Court found the SAC allegations insufficient because the allegations demonstrated that Plaintiff was actually seen by a nurse who checked Plaintiff's vital signs and who was told that Plaintiff was having panic attacks, but did not provide medication. The Court reasoned that these allegations amounted only to disagreement with the nurse's course of treatment, not deliberate indifference. *Id.* The TAC has not cured either of these defects and instead, if anything, further emphasizes that the gravamen of Plaintiff's claim is disagreement with the nurse's treatment—that is, mere negligence or medical malpractice, not deliberate indifference. In the TAC, Plaintiff repeatedly alleges that she was not satisfied with the nurse's checkup, that the nurse did not show sufficient concern for Plaintiff's condition, and that the nurse exercised poor judgment, negligence, and malpractice in failing to refer Plaintiff to a doctor. But disagreement with treatment or negligence is not enough to state a claim for deliberate indifference. *See Estelle*, 429 U.S. at 106; *Jackson*, 90 F.3d at 332. There are not enough facts from which the Court can plausibly infer that the nurse's decision not to refer Plaintiff to a doctor for emergency care was

1  medically unacceptable under the circumstances or in conscious disregard of an excessive risk to
2  Plaintiff's health.  The TAC therefore fails to plausibly allege a constitutional deprivation, which
3  is fatal to a municipal liability claim.[3]

4  Nor does the TAC adequately allege the third element: that the County has an actionable
5  policy of deliberate indifference to medical treatment that caused Plaintiff's constitutional
6  violation.  *Plumeau*, 130 F.3d at 438.  A plaintiff may satisfy this element in one of two ways:
7  either (1) showing that the municipality had an actual policy that motivated the wrong; or (2)
8  showing that the municipality failed to train or supervise its employees.  *Gibson v. Cnty. of*
9  *Washoe, Nev.*, 290 F.3d 1175, 1193-95 (9th Cir. 2002).  In this case, Plaintiff alleges that the
10 County had an actual policy of refusing to provide emergency medical treatment to pretrial
11 detainees.  *See Acasio IV*, 2015 WL 5568345, at *9.

12 The Court concluded that the SAC failed to adequately allege such a policy because the
13 allegations only demonstrated that *Plaintiff's* requests to see a doctor were denied, but the SAC
14 did "not adequately allege that the County *never* takes detainees to the hospital other than through
15 conclusory allegations."  *Id.*  The same is true of the TAC.  Plaintiff has more than adequately
16 alleged that the County denied her repeated requests for medical treatment by a doctor and that a
17 nurse informed her that a doctor was not available to see her.  But, just like its predecessor
18 pleading, the TAC includes only conclusory allegations that the County has an actual policy of
19 refusing to provide a doctor or hospital care for any pretrial detainee in need of emergency
20 medical treatment.  Once again, there are no factual allegations—such as the experience of other
21 pretrial detainees—that allow the Court to reasonably draw such an inference.  Thus, the TAC still
22 fails to plausibly allege that the County has a policy of depriving inmates of their constitutional
23 right to adequate medical treatment.  As a result, the municipal liability claim for deliberate

---

[3] Defendants also contend that Plaintiff has failed to allege that the County's failure to provide medical treatment resulted in harm to Plaintiff.  In reviewing the SAC, the Court noted that Plaintiff's conclusory allegations that her condition deteriorated was not enough.  *Acasio IV*, 2015 WL 5568345, at *8.  In the TAC, Plaintiff explains more that because the nurse was unable to provide prescription medication, Plaintiff's depression worsened while she waited to see a doctor.  This allegation sufficiently connects the alleged inadequate treatment to harm.  However, because the TAC does not plausibly allege that the treatment was constitutionally inadequate, this does not save Plaintiff's claim.

indifference against the County is dismissed.

Generally, when a complaint is dismissed, "leave to amend shall be freely given when justice so requires." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010). However, leave to amend may be denied "where the amendment would be futile." *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009). Plaintiff has already amended her deliberate indifference to medical treatment claim several times, once with the benefit of adversarial briefing. The Court specifically explained how Plaintiff could amend her municipal liability claim and what facts were necessary, but she failed to do so in the TAC. Nor did she identify in her declaration or opposition—which does not substantively respond to Defendants' argument and instead largely reiterates the allegations of the TAC—any facts she could add that would render the claim plausible. (*See* Dkt. No. 43 at 6-8.) Under these circumstances, the Court concludes that permitting Plaintiff another opportunity to amend her municipal liability claim would be futile. *See Semiconductor Energy Lab. Co. v. Yujurio Nagata*, No. C 11-02793 CRB, 2012 WL 177557, at *8 n.6 (N.D. Cal. Jan. 23, 2012) (citing *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)).

## CONCLUSION

For the reasons described above, the Court GRANTS Defendants' motion to dismiss the municipal liability claim with prejudice. The Court therefore dismisses from this action the County and Officer Curley, as there are no claims alleged against him, either. Defendants shall answer Plaintiff's TAC, solely as to the excessive force claim against Officer Lucy, within the time prescribed by Federal Rule of Civil Procedure 12(a)(4).

This Order disposes of Docket No. 41.

**IT IS SO ORDERED.**

Dated: December 15, 2015

JACQUELINE SCOTT CORLEY
United States Magistrate Judge